UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNITA FAISON, | No. 2:24-cv-01024-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| WALMART INC., et al., | |
| Defendants. | |

Currently before the Court is Defendants' Motion to Dismiss Plaintiff's initial Complaint. (ECF No. 19.) At oral argument, the Court partially denied on the Motion, finding that Plaintiff had Article III standing, Plaintiff had standing under the UCL, FAL, and CLRA, the economic loss rule did not bar Plaintiff's negligent misrepresentation claims, and Plaintiff could pursue both legal and equitable claims at this stage of the proceedings. The Court took the remainder of the Motion under submission. After further consideration, the Court denies the remainder of Defendants' Motion to Dismiss for the reasons stated below.

The Court denies Defendants' Motion to Dismiss the Complaint for failure to comply with Federal Rule of Civil Procedure 9(b). Plaintiff has stated with particularity the circumstances constituting the alleged fraud such that Defendants have adequate notice of Plaintiff's claims. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). While the Complaint did not include certain details about the testing

1 | performed on the sheet in the Complaint, Plaintiff openly provided some information
2 | at oral argument and the Court already ordered Plaintiff to disclose information about
3 | this testing in its initial disclosures.  The facts within the Complaint are sufficient to
4 | satisfy Rule 9(b) and therefore, Defendants' request to dismiss the Complaint for
5 | failure to allege sufficient facts to support her claim is denied.

6 |       Plaintiff has also alleged sufficient facts in the Complaint to state UCL claims.  As
7 | already noted, Plaintiff has included adequate factual allegations to support a
8 | fraudulent prong claim under the UCL.  Plaintiff's allegations that Defendants violated
9 | the CLRA, FAL, and FTC Act are enough to also support both unlawful and unfair
10 | prong claims.  *See Naranjo v. Dr.'s Med. Ctr. of Modesto*, 90 Cal. App. 5th 1193, 1220
11 | (2023); see *also Roper v. Big Heart Pet Brand, Inc.*, 510 F. Supp. 3d 903, 921 (E.D. Cal.
12 | 2020).  Accordingly, Defendants' Motion is denied as to Plaintiff's UCL claims.

13 |       Plaintiff's Breach of Express Warranty claims are also adequately alleged.  While
14 | Defendants argue that Plaintiff has not stated exactly when she discovered the breach
15 | of the warranty, Plaintiff has alleged that she provided written notice "shortly after
16 | Plaintiff discovered the breach . . . ."  (ECF No. 1 ¶ 137.)  Whether notice was provided
17 | within a reasonable time after the discovery of the breach is a factual question that
18 | courts generally cannot resolve at the motion to dismiss stage.  *See Keegan v. Am.*
19 | *Honda Motor Co.*, 838 F. Supp. 3d 929, 951 n.63 (C.D. Cal. 2012) ("The complaint
20 | does not state precisely when Keegan discovered the problem and notified Honda.
21 | Whether or not notice was given within a reasonable time, however, is a fact question
22 | that cannot be determined in the context of a motion to dismiss."); *see also Mexia v.*
23 | *Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1307 (2009) ("[T]he question of whether the
24 | buyer notified the seller of a breach within a reasonable time is usually a question of
25 | fact that cannot be decided at the pleading stage.").  While Defendants cite *Lengen v.*
26 | *Gen. Mills, Inc.*, 185 F. Supp. 3d 1213 (E.D. Cal. 2016), that case is clearly
27 | distinguished by the fact that the plaintiffs there failed to provide *any* notice to the
28 | defendants.  *Id.* at 1223 ("Plaintiffs concede that notice was not given . . . .")  Plaintiff's

statement that notice was provided "shortly after" the alleged breach was discovered is sufficient at this stage where all allegations are taken as true.

The Court construes Plaintiff's Unjust Enrichment claim as a quasi-contract claim.  See *Echo & Rig Sacramento, LLC v. AmGuard Ins.*, 698 F. Supp. 3d 1210, 1218 (E.D. Cal. 2023).  For the reasons discussed above, the Court finds that Plaintiff has adequately plead facts with particularity to support this claim.  Thus, Defendants' Motion to Dismiss Plaintiff's Unjust Enrichment claim is also denied.

The Court's ruling above, together with its prior oral ruling, denies each of the bases for dismissal raised in Defendants' Motion.  As such, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated:  **October 1, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – faison24cv1024.mtd