UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNITA FAISON,<br><br>        Plaintiff,<br><br>   v.<br><br>WALMART, INC., et al.,<br><br>        Defendants. | Case No. 2:24-cv-01024-DJC-CSK<br><br>ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 38.) |

    The Court has reviewed the parties' stipulated protective order below (ECF No. 38), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

    The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated: January 31, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, fais1024.24

Cortlin H. Lannin (Bar No. 266488)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-7078
Facsimile: + 1 (415) 591-6091
Email:  clannin@cov.com

*Attorneys for Defendants Walmart Inc.
and Wal-Mart Stores, Inc.*

*(Additional counsel listed below)*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNITA FAISON, individually and as a representative of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART INC. and WAL-MART STORES, INC.,<br><br>    Defendants. | Civil Case No.: 2:24-cv-01024-DJC (CSK)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>District Judge:  Hon. Daniel J. Calabretta<br>Magistrate Judge:  Hon. Chi Soo Kim |

The parties to this action, Plaintiff Vernita Faison and Defendants Walmart Inc. and Wal-Mart Stores Inc. ("Walmart") (collectively "the parties"), by their respective counsel, hereby stipulate that the parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is so ORDERED:

　　　　1.　　Scope.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"),

shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    2.    Confidential Information.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" by the producing party.

    (a)    "Confidential Information" means information that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; (h) any documents relating to the claims or incidents of any customers of Walmart that discloses identifying or other personal or confidential information about the customer; (i) any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits; and/or (j) any other information which would, in the good faith judgment of the designating party, be detrimental to the conduct of that party's business or the business of any of the party's customers or clients.

    (b)    Materials containing extremely sensitive corporate trade secrets, nonpublic research, and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less

restrictive means, may be deemed "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY."[1]

   (c) Information or documents that are available to the public may not be designated as Confidential Information.

  3. Designation.

   (a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" shall also be so

---

[1] Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations.  Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*. (financial information), and The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)    The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.[2]

4.    Depositions.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information.  Deposition testimony so designated shall be treated as Confidential Information protected by this Order until thirty (30) days after delivery of the transcript by the court reporter to any party or the witness.  Within thirty (30) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The parties may jointly agree to extend this thirty (30) day deadline to serve a Notice of Designation for specific depositions.  The failure to serve a timely Notice of Designation waives any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

---

[2] An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the Eastern District of California unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

5. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In this putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b) Limited Third-Party Disclosures/Qualified Recipients of Confidential Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any material that has been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as set forth in subparagraphs (1)-(9):

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the

preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

 (7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

 (8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

 (9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Limited Third-Party Disclosures/Qualified Recipients of Highly Confidential Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any material that has been designated "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" to any third person or entity except as set forth in subparagraphs (1)-(6):

 (1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

 (2) The Court and its personnel;

(3) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(4) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(6) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered;

(7) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

(8) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    (d) Restriction on Disclosure to Direct Competitors.  Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation unless that person is an expert or consultant currently engaged by counsel for the Receiving Party in connection with this action and/or is a witness at a deposition as described in subparagraph 5(c)(8) and is no longer employed by, or engaging in work as a consultant, for the direct competitor. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, except as expressly authorized in this subparagraph, the Receiving Party's counsel must confer with counsel for the Producing Party.

    (e) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

  6. Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate

was inadvertent and where the material is subsequently designated Confidential Information.

7. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with the Local Rules (including L.R. 141) and Section III of the Court's Civil Standing Order.

8. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge

proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

13. A non-party's protected material sought to be produced in this litigation.

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s),

and a reasonably specific description of the information requested; and

   (3) make the information requested available for inspection by the Non-Party.

 (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

 14. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

 15. Obligations on Conclusion of Litigation.

 (a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

 (b) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party or destroyed unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) as to documents bearing the

notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Whether the Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - ATTORNEYS' EYES ONLY" are returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 63 day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Effect and Application.** This Confidentiality Order shall apply to any and all discovery produced in this case by the parties before and after the entry of this Order.

20. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| /s/ *Cortlin H. Lannin* | /s/ *Frank A. Bartela* |
|---|---|
| Counsel for: Defendants Walmart Inc. and Wal-Mart Stores, Inc. | Counsel for: Plaintiff Vernita Faison |
| Dated: January 24, 2025 | Dated: January 24, 2025 |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

# ATTACHMENT A

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNITA FAISON, individually and as a representative of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WALMART INC. and WAL-MART STORES, INC.,<br><br>　　Defendants. | Civil Case No.: 2:24-cv-01024-DJC (CSK)<br><br>**ACKNOWLEDEMENT AND AGREEMENT TO BE BOUND**<br><br>District Judge:  Hon. Daniel J. Calabretta<br>Magistrate Judge:  Hon. Chi Soo Kim |

　　The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

Signature