UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNITA FAISON,<br>Plaintiff,<br>v.<br>WALMART, INC. et al.,<br>Defendants. | Case No. 2:24-cv-01024-DJC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br>(ECF No. 60) |

This action is brought by Plaintiff Vernita Faison.[1] (ECF No. 1.) On August 20, 2025, the district court granted Plaintiff's counsels' motion to withdraw, giving Plaintiff thirty days to retain new counsel. (ECF No. 53.) On October 1, 2025, after Plaintiff failed to attain new counsel, the matter was referred to the undersigned for all further proceedings. (ECF No. 56.) On December 1, 2025, the Court issued an order directing the parties to file a joint scheduling report within thirty days. (ECF No. 58.) On December 31, 2025, Defendants filed a status report attesting that Plaintiff failed to participate in the coordination of a joint status report or otherwise respond to the Court's order. (ECF No. 59.) On August 27, 2026, the Court issued an order for Plaintiff to show cause in writing within thirty (30) days as to why the case should not be dismissed for failure to

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

prosecute. (ECF No. 60.) Plaintiff was warned that a failure to respond to the Court's order would result in a recommendation to dismiss this action for failure to prosecute. *Id*. Plaintiff did not respond. *See* Docket. The deadline has now passed without any response from Plaintiff to the Court's August 27, 2026 Order to Show Cause. *Id*. Accordingly, the Court recommends dismissal of this action for failure to prosecute.

## I. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the availability of less drastic alternatives; and
> (5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II. DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be

dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. Plaintiff failed to participate in filing the joint scheduling report that was ordered in December 2025, and failed to respond to the Court's August 27, 2026 order. (*See* Docket.) In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendants are somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court issued an Order to Show Cause on August 27, 2026, which ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute. 8/27/2026 Order (ECF No. 60). Despite this, Plaintiff did not respond to the Court's order in writing within 30 days as required, and now sixty days have passed. Therefore, the Court has little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations.” Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court’s order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, fais.1024.24.f&r.ftp